IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3020 |
| vs. | |
| IMELDA AMBRIZ, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 25) and moved for a downward variance (filing 26).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report in two respects. Filing 25. First, the defendant objects to the presentence report's indication that she doesn't qualify for "safety valve" relief pursuant to § 3553(f). Filing 25 at 1-2. According to the presentence report, the government isn't satisfied that the defendant has complied with § 3553(f)—but if she did, she would otherwise qualify for safety valve relief.

For safety valve eligibility, the defendant carries the burden of demonstrating that she has truthfully provided to the Government all information regarding the relevant crime before sentencing. *United States v. Castaneda*, 221 F.3d 1058, 1059 (8th Cir. 2000). But the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also, United*

*States v. Morones*, 181 F.3d 888, 891 (8th Cir. 1999); *United States v. Tournier*, 171 F. 3d 645, 646-47 (8th Cir. 1999). Accordingly, the Court will resolve this issue at sentencing.

The defendant also objects to the failure to adjust the offense level based on her role in the offense pursuant to U.S.S.G. § 3B1.2. Filing 25 at 2-3. Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes [her] substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving that she is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is her burden to establish both that she is a "minor participant by comparison with other participants *and* by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019). The Court considers, among other things,

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the

    responsibility and discretion the defendant had in performing those acts; [and]

(v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2 cmt. n.3(C). The Court will resolve this issue at sentencing.

Finally, the defendant moves for a downward variance based on her personal circumstances and the circumstances of the offense. Filing 26. The Court will also resolve that issue at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of August, 2023.

                                     BY THE COURT:

                                     _____
                                     John M. Gerrard
                                     Senior United States District Judge